## W. B. BISON v. THE STATE.

### No. 6703.    Decided February 22, 1922.

**Incest—Indictment—Relationship—Uncle and Niece.**

Where, upon trial of incest, the indictment alleged that the defendant did unlawfully carnally know and incestiously have carnal knowledge of

one T. S., the said T. S. then and there being the niece of the said W. B. Bison, the appellant, in this, that he, the said W. B. Bison was then and there the brother of Mrs. P. D. Jones, who was the mother of the said T. S., etc., the same sufficiently alleged that the said injured female was the daughter of the sister of the defendant, and there was no error in overruling the motion to quash.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Robert. B. Seay.

Appeal from a conviction of incest; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Baskett & DeLee* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for incest. Punishment was assessed at ten years confinement in the penitentiary.

The record is before us without statement of facts. The count upon which appellant was convicted charges, in substance, that appellant "did unlawfully carnally know, and incestuously have carnal knowledge of one Tildie Slawson, the said Tildie Slawson then and there being the niece of the said W. B. Bison, in this, that he, the said W. B. Bison was then and there the brother of Mrs. P. D. Jones, who was the mother of the said Tildie Slawson."

Motion was made to quash on the ground that "said count nowhere affirmatively and by direct allegation charges the essential and statutory relationship to constitute the offense of incest. The allegations attempting to charge such relations as would constitute carnal knowledge incest are indirect and argumentative and not direct and positive."

Article 486, Vernon's P. C., provides: "All persons who are forbidden to marry by the succeeding articles, who shall intermarry or carnally know each other, shall be punished by imprisonment in the penitentiary not less than two or more than ten years."

Omitting the portions not here pertinent, Article 487, P. C., provides, that no man shall marry the daughter of his sister.

As we understand the gist of appellant's contention, it is that the count in the indictment heretofore quoted should have been quashed because it does not directly and positively aver that Tildie Slawson was the "daughter of a sister" of appellant. With due regard for all of our decisions and authorities generally relative to the strictness of criminal pleading we can not agree with the contention urged by appellant in this instance. It was perhaps unnecessary to allege in words that Tildie Slawson was the niece of appellant. But this entire clause can be eliminated from the indictment and yet the other allegations are sufficient to charge pertinently,

we think, that Tildie Slawson was the daughter of appellant's sister. It is charged positively and directly that appellant was the brother of Mrs. Jones. If appellant was the brother of Mrs. Jones then Mrs. Jones was appellant's sister. It is also charged that Mrs. Jones was the mother of Tildie Slawson. If Mrs. Jones was the mother of Tildie Slawson, then Tildie Slawson must have been, Mrs. Jones' daughter, and the daughter of appellant's sister. We do not regard the allegations in the indictment as subject to the criticism of being argumentative or indirect. As we understand them, they charge directly and pertinently facts, which if true, show an incestuous relationship between appellant and the daughter of his sister.

The foregoing question is the only one before us which we can review in the present state of the record. There is a bill of exception to the failure of the trial judge to direct a verdict of not guilty on account of the alleged insufficiency of the evidence. In the absence of a statement of facts this assignment is not reviewable.

The judgment of the trial court is affirmed.

. *Affirmed.*